UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ANIBAL LOPEZ CHAVEZ, A-222-557-023, | No.  1:26-cv-3974 TLN AC |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE").  ECF No. 1.  Petitioner argues that detention based on his immigration status violates his due process rights under the Fifth Amendment, as well as the Immigration and Nationality Act.  Id. at 8-12. Petitioner seeks immediate release or a bond hearing pursuant to 8 U.S.C. § 1226(a) at which respondents must demonstrate by clear and convincing evidence that petition is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks.  Id. at 10.  As discussed below, the court recommends that petitioner's request for habeas relief be granted.

////

////

1

I.      Factual Background

Petitioner is a native and citizen of Guatemala who entered the United States without inspection in 2023. ECF No. 1 at 2, Ex. 1. On May 12, 2026, DHS apprehended petitioner in a general ICE traffic stop and initiated removal proceedings. Id. Prior to his detention, petitioner was not provided written notice of the reason for his detention, respondents did not assess whether he was a danger to the community or flight risk, and petitioner did not receive a hearing. His detention is not based on any criminal history that would trigger mandatory detention under the Immigration and National Act ("INA").

In May 2026, DHS initiated removal proceedings under Section 240 of the INA by issuing a Notice to Appear charging petitioner with having entered the United States as an applicant for admission not in possession of valid entry documentation who was therefore removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).[1] See ECF No. 6, Ex. 1 (I-213), Ex. 2 (Notice to Appear); ECF No. 6 at 1 (Respondents' assertion that petitioner entered the United States illegally at an unknown time and was placed into removal proceedings). Petitioner is currently detained at the California City Detention Facility in California. ECF No. 1 at 7; ECF No. 1, Ex. 1.

II.     Procedural History

On May 25, 2026, petitioner filed a petition for writ of habeas corpus with assistance of counsel pursuant to 28 U.S.C. § 2241, seeking his release from ICE custody on due process and statutory grounds. ECF No. 1. Petitioner argues that his detention violates the INA because, as a noncitizen who previously entered the country and was residing in the United States prior to being apprehended and placed in removal proceedings, he is subject to 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b)(2). Id. at 7-9. He further argues that due process is violated by his detention without a bond hearing to determine whether he is a safety or flight risk. Id. at 9-10.

By Minute Order dated June 2, 2026, the court ordered respondents to file an answer/return that substantively addresses whether there are any factual or legal issues in this

---

[1] For consistency, the undersigned will cite to the applicable United States Code sections throughout without reference to the corresponding section of the Immigration and Nationality Act.

case that materially distinguish it from the court's prior orders addressing due process concerns in similar circumstances: Morales-Flores v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025), Brayan C.C. v. Warden of California City Corr. Ctr., No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.  ECF No. 5.

Respondents filed a generic two-page response/motion to dismiss conceding that "there are no significant factual or legal issues in this case that materially distinguishes it from the case identified in the Order."  ECF No. 6 at 1.  Respondents simply contend that petitioner constitutes an "applicant for admission" subject to mandatory detention by ICE without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2).  ECF No. 6 at 1-2.  Respondents further argue the court should deny the petition or, in the alternative, hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir.), appeal from Rodriguez Vazquez v. Bostock, 3:25-cv-0520 (W.D. Wash. Sept. 30, 2025).  Id.

Petitioner filed a reply arguing that respondents' failure to materially distinguish this case from the court's prior decisions should be deemed a concession that petitioner's legal theory has repeatedly found support among courts addressing the same issue.  ECF No. 9 at 4.  Petitioner asks the court to grant the petition, deny respondents' motion to dismiss and alternative request for a stay and abeyance, and order petitioner's immediate release from detention or individualized bond hearing within seven days.  Id. at 8.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.    <u>Discussion</u>

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in <u>Morales-Flores v. Lyons</u>, 2025 WL 3552841, <u>Brayan C.C. v. Warden of California City Corr. Ctr.</u>, 2026 WL 710358, or any other similar cases previously decided by this court.  Considering the facts of this case and respondents' failure to distinguish this case in any way, the undersigned adopts and incorporates by reference the reasoning in <u>Morales-Flores</u> and <u>Brayan C.C.</u> and finds that petitioner was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a) prior to his detention and that the failure to provide a bond hearing violates due process and the INA.  Accordingly, the undersigned finds that petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under 8 U.S.C. § 1225(b)(2).  On these facts, the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing.  Because respondent does not assert an alternative lawful basis for petitioner's detention or extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, the court recommends that respondents' motion to dismiss be denied, the petition granted, and that petitioner be released from custody.

Respondents alternatively request that the court hold this case in abeyance pending the Ninth Circuit's resolution of the appeal in <u>Rodriguez v. Bostock</u>, No. 25-6842 (9th Cir.).  ECF No. 6 at 2.  The court, however, should decline to hold the petition in abeyance for two reasons.  First, the timeline for a decision in <u>Rodriguez v. Bostock</u> is uncertain.  Second, respondents have failed to show abeyance is proper or warranted.  <u>Am. Life Ins. Co. v. Stewart</u>, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion," a court may "hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same."); <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005) (the court must weigh "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" (quoting <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962))); <u>Dependable Highway Express v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007) ("'[I]f

4

there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936))).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner, ALEJANDRO ANIBAL LOPEZ CHAVEZ, A-222-557-023, from custody.  At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.

   c. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release.

3. Respondents' motion to dismiss (ECF No. 6) be DENIED.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the

5

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE